

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00268-CV

THE STATE OF TEXAS AND MIGUEL CUELLAR
AND CARMEN CUELLAR, APPELLANTS

V.

DUMAS INDEPENDENT SCHOOL DISTRICT, ET AL., APPELLEES

On Appeal from the 69th District Court
Moore County, Texas
Trial Court No. 17-57, Honorable Ron Enns, Presiding

November 12, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Property owners Miguel and Carmen Cuellar filed a lawsuit challenging Dumas Independent School District's decision to reduce its local option homestead exemption.[1] The State of Texas intervened in the lawsuit, aligning itself with the Cuellars. All parties filed motions for summary judgment. The trial court granted the District's motion and

---

[1] *See* TEX. TAX CODE ANN. § 11.13(n) (West Supp. 2018).

denied the motions filed by the Cuellars and the State. The Cuellars and the State brought this appeal.

At the request of the parties, this case was consolidated for purposes of oral argument with *White Deer Indep. Sch. Dist., et al. v. Martin*, Cause No. 07-18-00193-CV in this Court, due to overlapping issues in the two cases. The parties raised the same arguments in each case, viz., whether the appeal is moot, whether the trial court had jurisdiction to consider the claims before it, whether the State has standing to assert its claims, whether appellants were required to exhaust administrative remedies, whether the school district appellees are immune from suit, whether the acts of the individual school district appellees were ultra vires, and whether S.B. 1 is impermissibly retroactive.

We recently handed down our opinion in that separate but related appeal. *White Deer Indep. Sch. Dist., et al. v. Martin*, No. 07-18-00193-CV, 2019 Tex. App. LEXIS 9694 (Tex. App.—Amarillo Nov. 5, 2019, no pet. h.). The trial court in *White Deer* had entered a judgment substantially in favor of the plaintiff taxpayer and the State. *Id.* at *1. We affirmed the trial court's judgment declaring (1) that section 11.13(n-1) of the Texas Tax Code is constitutional, (2) that section 11.13(n-1) prohibits school districts from repealing or reducing the amount of a local option homestead exemption, at any time between January 1, 2015, through December 31, 2019, that was adopted for the 2014 tax year, and (3) that the White Deer Independent School District's reduction of its local option homestead exemption has no effect and is void as a matter of law. *Id.* at *32-33.

In this case, the trial court denied the relief requested by the Cuellars and the State and entered judgment in favor of the District. For the reasons set forth in the *White Deer*

opinion, we conclude that the trial court erred.  However, this decision should not be understood to mean that the summary judgment evidence presented below necessarily supports granting all relief requested by the Cuellars and the State.  As in *White Deer*, fact issues preclude summary judgment.

Accordingly, we reverse the trial court's judgment and remand this cause for further proceedings consistent with our opinion in *White Deer*.


Judy C. Parker
Justice